UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIBERTY MUTUAL INSURANCE COMPANY,

        Plaintiff,                       Case Number 10-10102
v.                                            Honorable David M. Lawson

PROJECT CONTROL SYSTEMS, INC, ASSEM
SHEIKH, and NADA SHEIKH,

        Defendants.
_____/

### ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT AS TO ASSEM SHEIKH AND DISMISSING DEFENDANTS PROJECT CONTROL SYSTEMS, INC. AND NADA SHEIKH

On January 11, 2010, plaintiff Liberty Mutual Insurance Company filed a complaint against defendants Project Control Systems, Inc. (PCSI), Assem Sheikh, and Nada Sheikh, alleging that the defendants breached an indemnity agreement that indemnified the plaintiff against liability for losses, fees, costs, and expenses arising from the plaintiff's issuance of payment and performance bonds that named PCSI as principal in favor of various obligees across Michigan. The complaint alleged that the plaintiff has suffered losses because it paid obligations on the bonds, and the plaintiff would "continue to incur losses, costs, expenses, consulting fees[,] and attorney's fees by reason of having executed Bonds naming PCSI as Principal," Compl. ¶ 15. The complaint alleged damages in the amount of "$3,968,306.00 plus any additional losses, costs, expenses, consulting and attorney fees paid or incurred after December 10, 2009." *Id.* ¶ 17. The complaint also sought specific performance of the indemnity agreement's collateral security provision, demanding that the defendants deposit $530,990 as collateral security with the plaintiff to cover its current remaining services.

The Clerk of the Court issued summonses to all three defendants on January 12, 2010, and the plaintiff arranged with the Clerk of the Court for copies of the summonses and complaint to be sent, via registered mail, to Project Control Systems, Inc. (PCSI) care of Assem and Nada Sheikh at their last known address in Doha, Qatar. Neither the Clerk of the Court nor the plaintiff ever received receipts signed by the individual defendants. The plaintiff moved to extend the time to serve the defendants and for leave to depose PCSI's former vice president in an attempt to identify a viable address for the individual defendants. On April 30, 2010, the Court granted in part the plaintiff's motion, allowed the plaintiff to serve PCSI's former vice president with an interrogatory concerning the whereabouts of the individual defendants, and granted a sixty-day extension to serve the summonses and complaint. PCSI's former vice president provided e-mail addresses for the individual defendants, but neither of the e-mail addresses were active. The plaintiff conducted its own research and discovered that the individual defendants were associated with a Qatari company known as Qatar Coral. The plaintiff then moved for additional time to serve the individual defendants and for authorization to use an alternate method of service. On July 16, 2010, the Court denied this request because the plaintiffs never attempted to serve the defendants under Federal Rule of Civil Procedure 4(f)(2).

On October 6, 2010, the Court ordered the plaintiff to show cause why the case should not be dismissed for failure to serve the defendants. In its response, the plaintiff revealed that it had contacted several Qatari lawyers in an attempt to effectuate service and hired a private investigator to confirm the address of the individual defendants. The Court found that good cause existed to excuse the plaintiff's failure to serve the defendants and ordered the plaintiff to effectuate service on or before December 22, 2010. The plaintiff sought another extension to allow its private

investigator time to contact the United States embassy in Qatar to determine whether service of the summonses and confirmation of the defendants' address were permitted under Qatari law. The Court granted the plaintiff's request and extended the deadline for service on the individual defendants until January 31, 2011.

On January 25, 2011, the plaintiff (1) sought a seven-day extension to serve Assem Sheikh; (2) renewed its motion for alternate service, seeking permission to serve Assem Sheikh by sending copies of the summons and complaint by Federal Express "adult delivery" to the three addresses associated with Mr. Sheikh's employer; (3) sought permission to prove service on Assem Sheikh by filing evidence confirming that the packages were delivered by Federal Express to at least one of the three addresses mentioned above; and (4) sought a thirty-day extension to file the proof of service. The Court granted the plaintiff's motion on February 3, 2011. On February 6, 2011, Federal Express delivered copies of the summons and complaint to Assem Sheikh at Al Obeidley Gulf Eternit Trading, P.O. Box 1965, Doha, Qatar. The plaintiff has not served Nada Sheikh.

Assem Sheikh failed to plead or otherwise defend this action within the time allowed by the Federal Rules of Civil Procedure. In accordance with Rule 55(a), the Clerk of Court entered a default against the defendant on March 24, 2011. The matter is currently before the Court on the plaintiff's motion for entry of default judgment as to Assem Sheikh. The plaintiff's motion seeks judgment against Assem Sheikh in the amount of $4,238,607 based on the indemnification agreement and an additional $260,689 as collateral security to protect the plaintiff from anticipated future injury resulting from issuance of the bonds.

In its motion, the plaintiff asks for damages in an amount greater than that requested in the pleadings. However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). When a defendant is served with a complaint, he is put on notice of his legal exposure, and a defendant's choice to default is informed by the knowledge that the judgment "will not exceed the relief specified in the complaint." *Trustees of the St. Paul Elec. Constr. Indus. Fringe Benefit Funds v. Martens Electric Co.*, 485 F. Supp. 2d 1063, 1065 (D. Minn. 2007). "If [the] plaintiff wishes to seek relief that is not described in [its] original complaint, then [it] must amend [its] complaint and serve that amended complaint on the defendant." *Id.* at 1066. The Court may not award damages in an amount greater than that sought in the complaint without providing the defendant with an opportunity to re-evaluate his decision not to defend the case based on his new legal exposure.

The Court finds that the plaintiff stated a sum certain in its complaint in the amount of $3,968,306 plus an additional indemnity amount of $530,990 as collateral security, and has complied with the requirements of Federal Rule of Civil Procedure 55. Defendant Assem Sheikh has failed to answer or otherwise appear and defend the action, and the material allegations in the complaint against him are taken as true. Therefore, the Court will grant in part the plaintiff's motion and enter a default judgment against defendant Assem Sheikh in the amount of $3,968,306 plus collateral security of $260,689, as requested.

The Court will dismiss the complaint against the remaining defendants, Nada Sheikh and PCSI, because they have not been served. Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must

> extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

As discussed above, the plaintiff did not serve defendants Nada Sheikh and PCSI within 120 days of filing the complaint. The Court, therefore, ordered the plaintiff to show cause why the case should not be dismissed. The plaintiff provided good cause for its failure, and the Court extended the time for service several times. Nearly six months have elapsed since the latest deadline to serve Nada Sheikh and PCSI passed, and it appears as if the plaintiff has abandoned its claims against these two defendants because the plaintiff has not moved again to extend the deadline. Therefore, the plaintiff's claim against PCSI will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

Although Federal Rule of Civil Procedure 4(m) does not apply to Nada Sheikh because she resides in a foreign country, the plaintiff acknowledges that "potential time extensions to effect service are not limitless," *Tohme v. Sebaaly*, No. 07-10989, 2008 WL 1701305, at *1 (E.D. Mich. Apr. 8, 2008) (citing *Thayer v. Dial Indus. Sales, Inc.*, 85 F. Supp. 2d 263, 266 (S.D.N.Y. 2000) (dismissing the action after "more than six months has accrued since the Amended Complaint was filed," and plaintiff had not attempted service)). As the Third Circuit has explained:

> Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.

*Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The plaintiff's previous filings, which describe the numerous difficulties it has had in attempting to serve Nada Sheikh, and the current lack of activity with respect to its claims against her lead the Court to believe that there is little chance that service may be obtained. Therefore, the Court will dismiss Nada Sheikh as a defendant.

Accordingly, it is **ORDERED** that the plaintiff's motion for default judgment [dkt. #21] is **GRANTED IN PART**.

It is further **ORDERED** that judgment shall enter in favor of the plaintiff and against defendant Assem Sheikh in the amount of $3,968,306 in damages, and for specific performance directing said defendant to deposit with the plaintiff the sum of $260,689 as collateral security.

It is further **ORDERED** that the plaintiff's claims against defendants Nada Sheikh and Project Control Systems, Inc., **ONLY** are **DISMISSED WITHOUT PREJUDICE**.

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Dated:   July 22, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 22, 2011.

                              s/Deborah R. Tofil
                              DEBORAH R. TOFIL